# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

UNITED STATES OF AMERICA,

       Plaintiff,

   v.                               CASE NO. 25-10050-EFM

ADDILYNN JEAN ONUFFER, and
GAVIN ONUFFER,

       Defendants.

---

### United States' Response to Defendant's Motion for Temporary Release (Doc. 28)

---

Without providing new and material information, Defendant Addilynn Onufer asks the Court to reopen[1] her detention hearing. Because the Defendant has not satisfied her statutory burden of proof by providing information sufficient to establish new and material information, the Court should deny the motion, without a hearing.

<u>Procedural History</u>

Addilynn Onuffer used multiple platforms to distribute and receive child pornography. She chatted with other like-minded offenders and sought child sex abuse

---

[1] Defendant's Motion for Reconsideration of Detention Order is only properly before this Court if it is, in fact, a motion to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f). Thus, the United States proceeds presuming this is Defendant's request.

1

materials, including penetrative sex acts on prepubescent children. For those crimes, Addilynn Onuffer was indicted by the Grand Jury on May 13, 2025.[2] (Doc. 1).

Onuffer was arrested the following day and detained until the detention hearing on May 21, 2025. After the detention hearing, Judge Severson ordered the Defendant detained because, in part "no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." (Doc. 9, page 3). Judge Severson checked several boxes for detention, including that the offense charged is a crime of violence and involves a minor victim, the weight of the evidence is strong, the defendant is subject to lengthy period of incarceration if convicted and "defendant's release poses serious danger to any person or the community." (Doc. 9, page 3).

Defendant was visibly pregnant during this hearing. Defendant's pregnancy was a focal point of her presentation for release, including the Defendant's desire to give birth out of custody. Well informed of this request, Judge Severson ordered that Defendant be detained.

On June 16, 2025, Defendant filed a motion for review of the detention order. (Doc. 13). This Court held a detention hearing on June 23, 2025, and denied Defendant's request, ordering that Defendant remain in custody because she was a danger. The Defendant was visibly pregnant at this hearing, and, again, her pregnancy and her desire to have her child out of custody were focal points of the defense. Nevertheless, the Court ordered her detained.

---

[2] Additional distribution charges as to this Defendant and an additional Defendant were added by way of Superseding Indictment on July 8, 2025. (Doc. 21).

On July 15, 2025, Defendant filed the motion presently before the court, seeking release to have her baby.  (Doc. 28).

<u>Defendant's Motion Should be Denied without a Hearing Because Defendant Fails to State a Legal Basis to Support her Request</u>

Detention hearings are controlled, primarily, by 18 U.S.C. § 3142, which states in relevant part that –

> …The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

"Reconsideration is permissible under [18 U.S.C. § 3142(f)] only when there is new information that would materially influence the judgment about whether there are conditions of release which will reasonably assure that the defendant will not flee and will not harm any other person or the community." *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003). The burden to prove that a detention hearing should be reopened falls to the defendant. *United States v. Lizardi-Maldonado,* 275 F. Supp. 3d 1284, 1287 (D. Utah 2017).

> The purpose of this provision is to allow parties to present new information that increases the likelihood a defendant will appear in court or decrease the potential danger a defendant poses to an individual or the community. *See United States v. Munguia*, No. 3:19-cr-191-B (03), 2020 WL 1471741, at *2 (N.D. Tex. Mar. 26, 2020) (quoting *United States v. Martin*, No. 13-00466 JSW (KAW), 2015 WL 1738362, at *2 (N.D. Cal. Apr. 13, 2015)). Courts strictly interpret this provision. *United States v. Young*, No. 2:13-cr-00149-KJD-CWH, 2014 WL 11380770, at *2 (D. Nev. Feb. 25, 2014). This is because "[t]here are very few proceedings in federal practice which

> encourage a party to be less than diligent in bringing forth all material evidence the first time a hearing is held." *United States v. Flores*, 856 F. Supp. 1400, 1406 (E.D. Cal. 1994). To be sure, "[a] rule that would not discourage a party for failing to acquire readily available evidence for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice." *Id.*

*United States v. Grant*, No. 1:20-CR-00058-WJM, 2020 WL 7640873, at 2 (D. Colo. Dec. 23, 2020).

Here, Defendant does not even attempt to establish that information exists that was not known previously. Defendant's pregnancy and her wish to have the baby out of custody were certainly known to this Court when it ordered that she be detained. The fact that the costs of incarceration (including the costs associated with the birth of child by an incarcerated inmate) are higher than the costs of release is not new information.

Stated another way, Defendant surely did not realize her pregnancy issues after the initial detention hearing and the appeal of her detention hearing. Instead, she made her pregnancy a focal point of her request for release. This court – and Judge Severson – both heard those arguments and still found that Defendant was a danger and should be detained. There is nothing "new" to satisfy the requirements of Section 3142(f). *See, e.g., United States v. Jerdine*, 2009 WL 4906564, at *3 (N.D. Ohio 2009)("New and material information . . . consists of something other than a defendant's own evaluation of . . . the strength of the case against him: truly changed circumstances, something unexpected, or a significant event … Courts have interpreted strictly the statutory provision to reopen detention, holding that the hearings should not be reopened if the evidence proffered was available at the time of the hearing"). Said differently, to reopen a proceeding, a defendant

4

must first establish that the information was not previously known to him. This requires a showing of truly changed circumstances or a significant event. *See, e.g.*, *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Peralta*, 849 F.2d 625, 626−627 (D.C. Cir. 1988). Thus, information is not new if it could have been presented at the previous hearing. *United States v. Bothra*, No. 19-1953, 2019 WL 8883664, at 1 (6th Cir. Nov. 5, 2019). Strictly interpreting the statutory provisions to reopen the detention hearing, this Court must conclude that no new and material information exists to warrant reopening the detention hearing.

Defendant has not met her burden, and the motion should be denied on that basis alone.

<u>Defendant's Basis for Release is not Supported by the Plain Language of the Statute</u>

Defendant states that "[i]t is within the Court's discretion [to temporarily release Defendant] pursuant to 18 U.S.C. § 3142(a)(2)." (Doc. 28). That statute provides that a "judicial officer shall issue an order that, pending trial, the person be – released on a condition or combination of conditions, under subsection (c) of this section." Subsection (c) only applies after a judicial officer determines that release of the Defendant will not "endanger the safety of any other person or the community . . ." Here, two separate federal judges have determined that Defendant should be detained because she is a danger to the community. As such, even under Defendant's own cited basis, the motion should be denied.

<u>Pregnancy is Not a Basis for Release</u>

While pregnancy in jail is certainly not an ideal situation, it is not a basis for release. The United States is empathetic to the difficulties of giving birth in custody. However, pregnancy is not a basis for release. A district court in Idaho addressed pregnancy in a different context, yet the analysis is still appropriate here:

> In sum, the argument is that any woman who is under pretrial incarceration must be released upon the birth of her newborn baby, or she is being deprived of her constitutional rights.
>
> The Court sympathizes but cannot agree. Otto does not cite any caselaw that supports this argument. Carried forward to its logical conclusion, this argument would also mean that any man under pretrial incarceration must also be released upon the birth of his newborn baby, or he is being deprived of his constitutional rights to parenthood as well.
>
> The Court finds nothing unwarranted in the Government's attempt to detain a defendant who has had a grand jury indictment and a detention hearing. The Bail Reform Act allows such a detention if there are no reasonable conditions under which the Government can assure the defendant's attendance at court-ordered events and assure the safety of others and the community. Otto's constitutional argument fails in this instance because she has not shown her detention facility's rules and procedures amount to punishment in violation of the Constitution. **<u>Simply giving birth does not mandate release from pretrial detention</u>**.

<u>United States v. Otto</u>, No. 4:24-CR-00176-DCN-2, 2024 WL 5008764, at *3 and *4 (D. Idaho Dec. 6, 2024).

The United States Marshals have procedures in place to handle the pregnancy and birth of incarcerated inmates. The United States has no doubt they will handle that process with dignity and respect. But pregnancy alone – though it pulls on the heartstrings – does

not overcome the fact that the Defendant has been found to be a danger by two different judges after two lengthy hearings.

<u>Defendant's Plans Post Birth are Not Legally Feasible</u>

Defendant claims she wants to be released so that she can engage in kangaroo care and breastfeed her baby. To the extent the Court finds this persuasive, this request is likely not to occur. A DCF worker has been assigned to this case and has indicated that the baby will likely go immediately into police protective custody upon her birth. Defendant is not likely to be given any access to the child.

<u>Conclusion</u>

The Defendant has no legal basis to support her request. This Court agreed with the magistrate judge and found that the Defendant (who was visibly pregnant) was a danger to the community and should be detained. Nothing has changed to warrant Defendant's release. The United States request that this Court deny Defendant's motion.


DUSTON SLINKARD
Acting United States Attorney


 /s/ Molly M. Gordon
MOLLY M. GORDON
Assistant United States Attorney
United States Attorney's Office
301 N. Main, Suite 1200
Wichita, Kansas 67202
316-269-6481
K.S.Ct.No.23134
 molly.gordon@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 15, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the attorneys for the defendants.

    /s/ Molly M. Gordon
MOLLY M. GORDON