# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

ADDILYNN JEAN ONUFFER,

    *Defendant*.

Case No. 25-CR-10050-1-EFM

## MEMORANDUM AND ORDER

Before the Court is Defendant Addilynn Onufer's Motion for Temporary Release (Doc. 28). Defendant asks the Court to temporarily release her from custody so that she can give birth to her child in a hospital instead of in jail. The Government opposes the Motion, arguing that her request does not meet the legal standards for reconsideration. For the reasons stated below, the Court denies Defendant's motion.

Under 18 U.S.C. § 3142(f),

> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.

The rule makes clear that reconsideration is permissible only where there is "new information that would materially influence the judgment."[1] "A defendant bears the burden of establishing

---

[1] *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003).

circumstances warranting temporary release."[2]  Here, Defendant asks for temporary release to give birth in a hospital instead of in jail. However, Defendant's pregnancy was well known to her, counsel, and the Court before her initial detention hearing on May 21, 2025. Despite her pregnancy, the Magistrate Judge concluded, in part, that "no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." Given the nature of Defendant's crime—one involving violence against minor children—the Magistrate Judge decided that "defendant's release poses serious danger to any person or the community."

On June 16, 2025, Defendant filed a motion for review of the detention order. This Court held a detention hearing on June 23, 2025, and denied Defendant's request, ordering that Defendant remain in custody because she was a danger to the community. Defendant was visibly pregnant at this hearing, and she made her desire to have her child out of custody a focal point of her defense. Nevertheless, the Court ordered her detained.

Therefore, Defendant fails to present new information to the Court that was previously unknown at the time of the hearing. Although the Court is sympathetic to Defendant's request, pregnancy alone is not grounds for relief when other basic legal requirements have gone unmet.

**IT IS THEREFORE ORDERED** that Defendant Addilynn Onufer's Motion for Temporary Release (Doc. 28) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 16th day of July, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *United States v. Clark*, 448 F. Supp. 3d 1152, 1155 (D. Kan. 2020).